## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LATORIA MOORE, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ICON AUTOMATION LLC aka BETTERWASE INSURANCE, a Florida Limited Liability Company <br><br> Defendants. | § <br> § <br> § Civil Action No.: 3:25-CV-969 <br> § <br> § **CLASS ACTION COMPLAINT** <br> § <br> § <br> § <br> § <br> § <br> § |

Plaintiff LATORIA MOORE, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant ICON AUTOMATION LLC aka BETTERWASE INSURANCE ("Betterwase") to stop their illegal practice of sending unsolicited robocalls to the telephones of consumers and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

### NATURE OF THE ACTION

1.      Defendant Icon Automation LLC aka Betterwase Insurance is an insurance broker that connects consumers with insurance companies. As a part of their marketing, Defendant sent thousands of illegal solicitation robocalls to consumers.

2.      Defendant did not obtain consent prior to sending these unsolicited, prerecorded calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.      Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4.      The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5.      The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

6.      By sending these robocalls to people who have registered their phone numbers on the national do-not call database, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

7.      Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8.      Plaintiff Latoria Moore is a natural person residing in Rowlett, Texas.

9.      Defendant Icon Automation LLC is a limited liability company organized and existing under the laws of Florida with a fictitious name of Betterwase and can be served via their registered agent MannyFesto LLC, 7280 NW 112 Ave, Doral Florida 33178.

## JURISDICTION AND VENUE

10.      This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11.      This Court has general personal jurisdiction over Defendant because Defendant is calling Texas Residents with Texas area-coded, spoofed telephone numbers.

12.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13.    Defendant Betterwase operates as an insurance broker that connects consumers with insurance companies.

14.    Defendant sent out unsolicited calls with artificial or prerecorded voice messages soliciting Plaintiff and the putative class for Defendant Betterwase's healthcare insurance products.

15.    Defendants failed to obtain consent from recipients.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16.    Plaintiff's telephone number 1504 is a residential number and is registered to a cellular telephone service.

17.    Plaintiff's telephone number 1504 is not used for commercial purposes.

18.    Plaintiff uses telephone number 1504 for personal calls.

19.    Defendant has generated substantial profits by violating the TCPA and generating new clients through illegal telemarketing.

20.    Plaintiff has received at least one (1) prerecorded, soliciting phone calls to her personal cellular phone.

21.    The call was prerecorded because it sounded robotic in nature, incorporated a "press one" in order to speak to a live agent, and was impersonal.

22.    On December 18, 2024, at 9:52 AM, Mrs. Moore received a prerecorded phone call from 601-910-0219. It was prerecorded because Mrs. Moore had to "press one" in order to be connected to an agent, was impersonal, and sounded robotic in nature.

23.    During the phone call, Mrs. Moore gave the phone to her husband, and was connected to Defendant's agent "Matthew Woodall," but the call got disconnected.

3

24.     On December 18, 2024, at 9:59 AM, Mrs. Moore received a phone call from 877-297-0092, and Mrs. Moore's husband was connected to Mr. Woodall, who was previously assisting him, as mentioned in the preceding paragraph (23).

25.     During the call, Mrs. Moore's husband received an email at 10:21 AM from Matthew Woodall's email address mwoodall@betterwase.com, which confirmed who was responsible for the illegal phone calls being sent to Mrs. Moore's cellular phone.

26.     The    https://direct.sos.state.tx.us/telephone/telephonesearch.asp    site    ("Texas Registration Database") does not contain any of the Defendant's registration and confirmed the lack of a registration with a search on April 16, 2025.

27.     The Defendant is not registered to telephone solicit in Texas pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations.

28.     Defendant does not qualify for an exemption to the Texas telephone solicitation registration requirement.

29.     Plaintiff believes he has received additional calls on behalf of Defendant within the last two years that are unknown to Plaintiff at this time but will be revealed during discovery.

30.     Plaintiff did not give her prior express written consent to receive any of the alleged calls.

31.     None of the alleged calls were made to Plaintiff for emergency purposes.

32.     The calls were made to Plaintiff to solicit Plaintiff for Defendant's services.

33.     Defendant employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

34.     Defendant have knowledge of and have adopted and maintained TCPA violations as a sales strategy.

35.     Defendant knew full well that the prerecorded calls were false, deceptive, misleading, intimidating, and coercive.

4

36.     Defendant refused to take any action to stop or curtail the unlawful sales practices that violate the TCPA because these practices benefit Defendant financially.

37.     Defendant does not train employees who engaged in telemarketing on the existence.

38.     Plaintiff was harmed by the calls.

39.     Plaintiff was temporarily deprived of legitimate use of her phone because the phone line was tied up during the telemarketing calls and her privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

40.     The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using her telephone for lawful purposes.

### INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS

41.     Plaintiff realleges and incorporates the foregoing paragraphs herein as if set forth here in full.

42.     The calls harmed Mrs. Moore by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

43.     The calls harmed Mrs. Moore by trespassing upon and interfering with her rights and interests in her cellular telephone.

44.     The calls harmed Mrs. Moore by intruding upon her seclusion.

45.     Mrs. Moore has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of her cell phone.

### CLASS ALLEGATIONS

46.     **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

**Robocall Class**. All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) received one or more call on their cellular telephone or any other protected telephone service (3) from or on behalf of Betterwase, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

**Texas Business and Commerce Code Sub-Class.** All persons in Texas who, (1) within four years prior to commencement of litigation until the class is certified (2) received one or more solicitation call (3) from or on behalf of Betterwase.

47.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

48.    **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

49.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited messages.

50.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests

6

antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

51.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

52.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a.  Whether the unsolicited robocalls were caused by Defendants;

    b.  Whether the unsolicited robocalls promoted Defendants' products or services;

    c.  Whether Defendants obtained written express consent prior to sending the unsolicited robocall;

    d.  Whether Defendants was registered to telephone solicit Texas residents;

    e.  Whether Defendants qualified for an exemption from the telephone solicitation registration requirement;

    f.  Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

53.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from the Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION:
### Violation of 47 U.S.C. § 227(b)
### Artificial or Prerecorded Voice (On Behalf of All Class – Against Defendants)

54.     Plaintiff realleges paragraphs one through fifty-three and incorporates them herein as if set forth here in full.

55.     Defendant placed telephone calls to Plaintiff's and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

56.     The calls were made for the express purpose of soliciting customers for Defendant's goods and services.

57.     When Plaintiff and the Class answered, the calls played an artificial or prerecorded voice to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

58.     As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

59.     Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

60.     If the court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. §227(b)(3)(C).

## SECOND CAUSE OF ACTION:
### Violations of The Texas Business and Commerce Code § 302.101
### Failure to obtain a Telephone Solicitation Registration Certificate
### (On behalf of Plaintiff and the Texas Subclass)

61.     Mrs. Moore realleges paragraphs one through sixty and incorporates them herein as if set forth here in full.

62.     Defendant's illegal solicitation sales calls to Mrs. Moore and the putative classes without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

63.     The actions of the Defendant also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls through Jane/John Doe to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

64.     A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

9

65.     As a result of the Defendant's violations of Texas Business and Commerce Code § 302.101, Mrs. Moore may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

66.     As a result of the Defendant's violations of §302.101, Mrs. Moore seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing her counsel as Class Counsel;

B.      An order declaring that Defendant's actions, as set out above, violate 227(b) of the TCPA;

C.      An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

D.      An award of $1500 per call in statutory damages arising from the TCPA §227(b) for each intentional violation;

E.      An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101;

F.      An injunction requiring Defendant to cease sending all unlawful calls;

G.      An award of reasonable attorneys' fees and costs; and

H.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 17, 2025

Respectfully Submitted,

The Darwich Law Firm, LLC
        /Omar F. Darwich/
Omar F. Darwich
Tx Bar No. 24124686
6090 Surety Dr., #305
El Paso, TX 79905

(915) 671-2221
omar@darwichlegal.com

*Attorney for Plaintiff and the Putative Classes*

11